UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
JOHN NESLER,                     :       CASE NO. 1:15-CV-1684
                                                :
             Plaintiff,              :
                                                :
vs.                                         :       OPINION & ORDER
                                                :
CATHI J. ADINARO, *et al.*,   :
                                                :
             Defendants.          :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff John Nesler, a federal prisoner, has filed this *in forma pauperis* civil rights action against Cathi J. Adinaro, Melissa Salinas, Claire Curtis, and Federal Public Defender Dennis Terez. The "Petition of Complaint to the Court" the plaintiff has filed in the case (Doc. No. 1) does not contain allegations intelligible to the Court and is summarily dismissed.

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), federal district courts are required by 28 U.S.C. § 1915(e)(2)(B) to screen and dismiss before service any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). In order to state a claim a claim on which relief may be granted, a complaint must contain

sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

An action is frivolous when it lacks an arguable basis in law or in fact. A court may therefore dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319 (1989). An action also has no arguable basis in fact "if it describes fantastic or delusional scenarios." *Abner v. SBC (Ameritech)*, 86 Fed. App'x 958-59 (6th Cir. 2004).

Additionally, a district court has authority to *sua sponte* dismiss any *pro se* action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when "the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid or merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The plaintiff's complaint fails to comply with basic pleading requirements, fails to state any plausible claim on which relief may be granted against any defendant, and is frivolous. The complaint does not set forth any intelligible basis for the plaintiff's suit, or claims that would establish this Court's jurisdiction. Instead, the plaintiff's pleading consists nothing more than a totally incomprehensible amalgam of assertions that can only be described as "implausible, attenuated, unsubstantial, frivolous, devoid or merit, or no longer open to discussion."

Accordingly, consistent with *Apple v. Glenn*, the plaintiff's action is dismissed for lack

of subject matter jurisdiction. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Dated: November 18, 2015          *s/    James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE